IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RIEMA AULD,**

    **Plaintiff,**

    **vs.**                                                                            Civ. No. 14-636  KG/SCY

**CENTRAL NEW MEXICO COMMUNITY**
**COLLEGE** *et al.,*

    **Defendants.**

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*.  On February 6, 2015, the Court issued an order setting a telephone status conference in this matter to take place at 2:00 p.m. on May 6, 2015. *Doc. 27*.  The Court ordered all parties to call chambers' "meet-me-conference line."  At the appointed date and time, Keya Koul appeared on behalf of Defendants Central New Mexico Community College, William Heenan, Tom Manning, and Kathy Winograd. Plaintiff failed to appear. The Court tried calling Plaintiff, but received her voicemail and was unable to leave a message as her voicemail box was full. Roughly thirty minutes after the scheduled conference, Plaintiff returned the Court's call and left a message with the Court's courtroom deputy.

Under Federal Rule of Civil Procedure 16(f) the Court has discretionary authority to sanction a party for failing to appear at "a scheduling or other pretrial conference." FED. R. CIV. P. 16(f)(A).  Among the available sanctions, this rule "provide[s] the court the discretionary option of awarding reasonable attorney's fees and costs resulting from the rule violation." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1554 (10th Cir. 1996).   "[T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give

courts very broad discretion to use sanctions where necessary to insure. . .that [parties] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Id.* at 1555 (citation and quotation omitted). Further, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). The Court also has authority to dismiss the lawsuit as a sanction for a plaintiff's failure to prosecute a case. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute.").

**THEREFORE** Plaintiff is ordered to show cause in writing within fourteen days as to why, the Court should not dismiss Plaintiff's case for failure to prosecute under Rule 41(b) or, in the alternative, the Court should not order that Plaintiff pay reasonable attorneys' fees and costs associated with defense counsel's appearance at the May 6, 2015, scheduling conference. Failure to comply with this order shall constitute an independent basis for sanctions.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
United States Magistrate Judge