IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RIEMA AULD,**

      **Plaintiff,**

      vs.                                                                       Civ. No. 14-636 KG/SCY

**CENTRAL NEW MEXICO COMMUNITY
COLLEGE** *et al.,*

      **Defendants.**

## PROPOSED FINDING AND RECOMMENDED DISPOSITION

THIS MATTER is before me on review of the record. In the last five months, Plaintiff has failed to appear for court conferences three times. On January 5, 2015, Plaintiff failed to appear at the Initial Scheduling Conference. *Doc. 18*. After the Court entered two orders to show cause, Plaintiff responded that her failure to appear was caused by her difficulty receiving mail and her underlying medical conditions. *Docs*. 19, 22, 23. At the request of Plaintiff, the Court stayed the case for sixty-days and reset the Initial Scheduling Conference for May 6, 2015. *Doc. 27*. In this order the Court also set a May 4, 2015 deadline for Plaintiff to submit initial disclosures and to provide Defendants with medical and mental health releases. *Id.* When it became apparent that Plaintiff might have trouble meeting this deadline, the Court scheduled a telephone conference to discuss case status. *Doc. 30*. At this conference, Plaintiff requested an additional one-month stay, which Defendants opposed. *Doc. 31*. The Court denied this oral motion. *Id.*

In violation of this ruling, Plaintiff failed to appear at the subsequent May 6, 2015 telephonic scheduling conference. *Doc. 34*. This prompted the Court to enter another order to show causing requiring Plaintiff to explain why her case should not be dismissed under Federal Rule of Civil Procedure 41(b) for lack of prosecution. *Doc. 35*. Plaintiff filed a timely response stating that

she was having trouble dealing with the stress of this lawsuit. *Doc. 37*. Due to her medical condition, the Court refrained from imposing any sanctions on Plaintiff and instead rescheduled the Initial Scheduling conference for a third time. *Doc. 38*. The Court admonished Plaintiff that attendance at this hearing was mandatory and necessary for her case to proceed. The Court further warned Plaintiff that failing to appear on June 8, 2015 as required would likely result in the dismissal of her claims. *Id.* Despite this warning, Plaintiff did not appear at the June 8, 2015 conference. Because this is Plaintiff's third failure to appear, I am recommending that the Court dismiss her claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

In deciding whether to dismiss a case under Rule 41, a Court must consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151-1152 (10th Cir. 2007). Here, these factors weigh in favor of dismissal. The Court has repeatedly warned Plaintiff that failure to appear at court hearings can result in dismissal of her claims. *Docs.* 19, 22, 35. Nevertheless, Plaintiff has continued to miss court hearings. This behavior has prevented the Court from entered a scheduling order commencing the discovery process. Because I am not convinced that lesser sanctions would be effective in jumpstarting this case, I recommend that the Court dismiss Plaintiff's claims without prejudice under Rule 41.

_____
HONORABLE STEVEN C. YARBROUGH
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**