IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RIEMA AULD,

    Plaintiff,

v.                                                      Case No. 1:14-cv-636 KG/SCY

CENTRAL NEW MEXICO COMMUNITY COLLEGE,
PAM ETRE-PEREZ, TOM PIERCE,
WILLIAM HEENAN, CAROL ADLER,
TOM MANNING, AND KATHIE WINOGRAD,

    Defendants.

## ORDER STAYING CASE

This matter comes before the Court upon Plaintiff's "Motion for Injunction," filed November 1, 2018. (Doc. 45). On November 14, 2018, Defendants filed a response in which they characterized the "Motion for Injunction" as a "Motion for Reinstatement." (Doc. 46). On December 17, 2018, Defendants filed a Notice of Completion of Briefing. (Doc. 53).

The Court observes that numerous motions and documents have been filed since Plaintiff filed her "Motion for Injunction." The Court notes that if it denies the "Motion for Injunction" the subsequent filings necessarily become moot. Accordingly, in the interest of justice and judicial economy and in accord with a stay, the Court *sua sponte* prohibits the parties from filing any more motions or documents until the Court rules on the "Motion for Injunction." *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Should any party violate this Order Staying Case, that party will be subject to an order to show why that party should not be sanctioned for violating a Court order. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) ("A court also has an 'inherent power' to 'levy sanctions in response to abusive litigation practices.'" (citation omitted)).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE