IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RIEMA AULD,

    Plaintiff,

vs.                                                              No. CV 14-636 KG/SCY

CENTRAL NEW MEXICO COMMUNITY COLLEGE,
PAM ETRE-PEREZ, TOM PIERCE,
WILLIAM HEENAN, CAROL ADLER,
TOM MANNING, and KATHIE WINOGRAD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Riema Auld's "Motion for Injunction" (Motion), filed November 1, 2018. (Doc. 45). Defendants Central New Mexico Community College (CNM), William Heenan, Tom Manning, and Kathie Winograd (collectively, Defendants) filed their response, characterizing Plaintiff's Motion as a "Motion for Reinstatement," on November 14, 2018. (Doc. 46). Defendants subsequently filed a Notice of Completion of Briefing on December 17, 2018. (Doc. 53).[1] The Court considers Plaintiff's Motion as a motion to amend the pleadings under Federal Rule of Civil Procedure 15, a motion to alter or amend a judgment under Rule 59(e), and a motion for relief from a final judgment under Rule 60(b). Having so considered Plaintiff's Motion, the briefing, and the applicable law,

---

[1] Noting that numerous motions and documents have been filed since the "Motion for Injunction," and that all subsequent filings necessarily become moot if the Court denies the "Motion for Injunction," the Court *sua sponte* stayed proceedings pending resolution of that motion. (Doc. 60).

the Court denies Plaintiff's Motion. Because the Court denies Plaintiff's Motion, the Court denies as moot the remaining documents filed by Plaintiff and Defendants.[2]

Plaintiff originally filed her Complaint for Declaratory and Injunctive Relief and Damages for Breach of Contract and Violation of Anti-Discrimination Protections in the Workplace on May 27, 2014, in the Second Judicial District Court for the State of New Mexico. (Doc. 1-3). Plaintiff listed CNM, Heenan, Manning, Winograd, Tom Pierce, Carol Adler, and Pam Etre-Perez as parties-defendant to that action. (*Id.*) Plaintiff, who worked for CNM in February and March 2012, alleged that she was discriminated against on the basis of race and gender. Plaintiff filed an Amended Complaint in on June 6, 2014, and made substantially similar allegations. (Doc. 1-2). Defendants removed the case on July 11, 2014, predicated on federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1).

On May 7, 2015, Judge Yarbrough filed his first Proposed Finding and Recommended Disposition, recommending that the Court dismiss Etre-Perez, Pierce, and Adler under Rule 4(m)

---

[2] The remaining documents are: Motion to Stop Retaliation, Harassment, Motion to have an attorney represent my case (Doc. 47), filed November 16, 2018; Notice of the Exhibit (Doc. 48), filed November 26, 2018; Motion to be entered in the Federal Witness protection program and removed from New Mexico, Motion for emergency attorney representation, Motion for assistance in the pro se disability program to receive assistance with learning the online system for court, Notification of Evidence/Exhibits (Doc. 52), filed November 30, 2018; Motion to be put in federal witness protection program with my mother in response to a[n] escalation in the continuation of collusive tactics to obstruct justice including harassment and witness tampering: Whistle Blower, and coercion through fear mongering retaliation, Motion for continuance/delay of case progress so victim may address medical concerns due to patient abandonment and patient abuse by Defendants partner/agent UNMH, harassment, intimidation, retaliation, Motion to subpoena police report documents regarding the attempted arrest kidnapping of Plaintiff (Doc. 54), filed December 20, 2018; Motion for Protection, Motion to subpoena voicemail of Chief of Staff Jennifer Phillips to include as evidence in this case (Doc. 56), filed January 22, 2019; Motion requesting issuance of EMERGENCY immediate court date to determine protection order and witness protection, Motion to deny dismissal request and response, Notification of Exhibits (Doc. 57), filed January 24, 2019; and Notification of Evidence (Doc. 58), filed January 28, 2019. On January 22, 2019, Defendants filed a Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction. (Doc. 55).

for failure to serve those individuals. (Doc. 36). Plaintiff did not object to Judge Yarbrough's recommendation. Thereafter, on May 29, 2015, the Court adopted the Proposed Finding and Recommended Disposition and dismissed without prejudice Plaintiff's claims against Etre-Perez, Pierce, and Adler. (Docs. 39 and 40).

Judge Yarbrough entered a second Proposed Finding and Recommended Disposition on June 9, 2015, recommending the Court dismiss Plaintiff's remaining claims pursuant to Rule 41(b) for lack of prosecution and Plaintiff's failure to comply with multiple Court orders. (Doc. 42). Plaintiff again did not object. Thus, on June 30, 2015, the Court adopted Judge Yarbrough's Proposed Finding and Recommended Disposition, dismissed all of Plaintiff's remaining claims without prejudice, and closed this case. (Docs. 43 and 44).

Under Rule 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 12(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted). A Rule 59(e) motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion for relief from judgment must be filed within one year if such motion is based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discover evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(1)-(3), and (c). A Rule 60(b) motion "must be made within a reasonable time" if the movant argues that "(4) the judgment is void; (5) the judgment

3

has been satisfied, released, or discharged; [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4)-(6), (c).

Plaintiff did not appeal the orders of dismissal or otherwise take any action in this matter for over two years. Therefore, her Motion fails under Rules 59(e) and 60(b)(1)-(3). Plaintiff does not argue that the Court's judgment is void or has been satisfied, released or discharged. Fed. R. Civ. P. 60(b)(4), (5). Plaintiff must proceed under Rule 15 or Rule 60(b)(6).

The instant motion does not relate to Plaintiff's underlying complaint and instead raises grievances against University of New Mexico Hospital employees. These new allegations bear no reasonable connection to Plaintiff's original complaint. Furthermore, two and a half years of inactivity and failure to appeal or otherwise seek relief from judgment objectively constitutes undue delay. As such, to the extent Plaintiff moves under Rule 15 to amend her complaint, the Court denies Plaintiff's motion.

A Rule 60(b)(6) motion brought requires a showing of "extraordinary circumstances" to reopen a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quotation omitted). For the reasons noted above, the Court does not find such extraordinary circumstances in this case.

IT IS, THEREFORE, ORDERED THAT:

1. Plaintiff's Motion for Injunction (Doc. 45) is denied;

2. Plaintiff's remaining filings (Docs. 47, 48, 52, 54, 56, 57, and 58) are denied as moot;

3. Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (Doc. 55) is denied as moot; and

4. This case remains closed as of June 30, 2015.

_____
UNITED STATES DISTRICT JUDGE