IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RIEMA AULD,

    Plaintiff,

vs.                                                    Civ. No. 14-636 KG/SCY

CENTRAL NEW MEXICO COMMUNITY COLLEGE,
PAM ETRE-PEREZ, TOM PIERCE,
WILLIAM HEENAN, CAROL ADLER,
TOM MANNING, and KATHIE WINOGRAD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's motions to reconsider or renew her appeal; motions for order of protection; motion to refer obstruction of justice incidents to the FBI and Department of Justice; motion to stay the case to obtain counsel; and motions for appointment of counsel.[1] (Doc. 70), filed Aug. 13, 2019; (Doc. 71), filed Aug. 14, 2019; (Doc. 72), filed Aug. 29, 2019; (Doc. 73), filed Sept. 3, 2019; (Doc. 74), filed Sept. 9, 2019; and (Doc. 75), filed Oct. 4, 2019. Plaintiff does not indicate whether she sought concurrence from Defendants prior to filing the motions. Defendants also did not respond to any of the motions.[2] Having considered the motions and the relevant law, the Court denies the motions.

---

[1] The Court acknowledges that it must liberally construe the filings of a *pro se* litigant and hold that litigant "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Moreover, the Court does not "assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

[2] Plaintiff's motions were electronically mailed to Defendants' counsel of record.

As an initial matter, the Court notes that the Local Rules state that an omission of "a recitation of a good-faith request for concurrence" in a motion can lead to the summary denial of that motion. D.N.M. LR-Cv 7.1(a). The Local Rules further state that a failure to respond to a motion "constitutes consent to grant the motion." D.N.M. LR-Cv 7.1(b). Here, Plaintiff violated Local Rule 7.1(a) while Defendants violated Local Rule 7.1(b). Despite these violations of the Local Rules, the Court, in the interest of justice, chooses to address the merits of the motions. D.N.M. LR-Cv 1.7 ("These rules may be waived by a Judge to avoid injustice.").

On June 6, 2014, Plaintiff filed in state court an amended employment discrimination complaint against Central New Mexico Community College (CNM) and its employees. (Doc. 1-2). On July 11, 2014, Defendants removed the employment discrimination lawsuit to federal court. (Doc. 1). On June 30, 2015, the Court dismissed Plaintiff's claims against Defendants. *See* (Doc. 44).

More than three years later, Plaintiff filed: (i) a motion to reopen the case (also construed as a motion to amend the complaint); (ii) a motion to appoint counsel; (iii) a motion to be entered in the Federal Witness Protection Program and for emergency attorney representation; and (iv) a motion for protection. *See* (Doc. 45), filed Nov. 1, 2018; (Doc. 47), filed Nov. 16, 2018; (Doc. 52), filed Nov. 30, 2018; and (Doc. 56), filed Jan. 22, 2019. These motions did not concern Plaintiff's employment discrimination lawsuit. Instead, the motions pertained to allegations of medical mistreatment by the University of New Mexico Hospital (UNMH) and its employees. On April 22, 2019, the Court denied the motion to reopen the case, denied the motion to amend the complaint, and denied the motions for protection and to appoint counsel as moot. *See* (Doc. 61) at 4.

On May 7, 2019, Plaintiff filed a notice of appeal. (Doc. 62). Then, on July 26, 2019, the Tenth Circuit Court of Appeals dismissed the appeal for lack of prosecution. (Doc. 69). About two weeks later, Plaintiff began filing the above pending motions.

*1. Motions to Reconsider or Renew her Appeal*

Plaintiff did not file the motions to reconsider or renew her appeal in her appellate case. The Court cannot address those motions for the Tenth Circuit. Therefore, the Court denies Plaintiff's motions to reconsider or renew her appeal without prejudice to Plaintiff filing them in her appellate case.

*2. Motions for an Order of Protection*

Plaintiff bases her three motions for an order of protection on grievances she has regarding treatment at UNMH and included two of those motions in her motions to reconsider or renew her appeal. However, only the Tenth Circuit can decide the motions to reconsider or renew the appeal, including the two related motions for an order of protection. As a result, this Court denies those motions for an order of protection without prejudice to Plaintiff filing the motions in her appellate case.

To the extent Plaintiff is seeking an order of protection from this Court and not from the Tenth Circuit, the Court notes that the allegations supporting the motions for an order of protection bear no reasonable connection to Plaintiff's employment discrimination complaint against CNM and its employees. As noted above, the Court denied Plaintiff's motion to amend her complaint to include grievances against UNMH and its employees for medical mistreatment. (Doc. 61) at 4. Consequently, the UNMH claims, and any allegations associated with those claims, are not before the Court. Because the UNMH claims and allegations in the motions for

an order of protection are not before the Court, the Court denies the three motions for an order of protection for that reason as well.

*3. Motion to Refer Obstruction of Justice Incidents to the FBI and Department of Justice*

Plaintiff does not cite any legal authority to suggest that the Court has the authority or duty to refer alleged obstruction of justice incidents to the FBI and Department of Justice. *See* D.N.M. LR-Cv 7.3 (a) ("A motion … must cite authority in support of the legal positions advanced."). In addition, Plaintiff does not explain why she cannot report those incidents directly to the FBI and Department of Justice. Hence, the motion to refer obstruction of justice incidents to the FBI and Department of Justice lacks merit. The Court, therefore, denies that motion.

*4. Motion to Stay the Case to Obtain Counsel*

Plaintiff filed the motion to stay the case to obtain counsel on August 29, 2019. (Doc. 72). As of the date of this order, Plaintiff has had four months to obtain counsel, and in effect received a four-month stay. Four months is sufficient time to obtain counsel and as yet failed to do so. Thus, a further stay is unwarranted. Accordingly, the Court denies the motion to stay the case to obtain counsel.

*5. Motions for Appointment of Counsel*

Plaintiff asserts that the Court should appoint counsel for her because she cannot afford an attorney and she suffers from depression. Federal law provides that the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In addition to determining the financial need of the movant, if the court determines that the movant has a colorable claim, it "should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Rucks v. Boergermann*, 57 F.3d 978, 979

4

(10th Cir. 1995). The Tenth Circuit has adopted several factors for determining whether to appoint counsel, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* The plaintiff bears the burden of convincing "the court that there is sufficient merit to his claim to warrant appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The decision to appoint counsel is within the sound discretion of the trial court. *James v. Hamaker*, 2016 WL 97767, at *2 (D. Colo.).

Assuming Plaintiff cannot afford to retain counsel, Plaintiff's UNMH claims are not before the Court and, thus, are not colorable in the context of this lawsuit. Even if Plaintiff has colorable claims, Plaintiff has not demonstrated that she is unable to present her claims and positions, despite suffering from depression. *Compare Rucks,* 57 F.3d at 979 (affirming district court's denial of plaintiff's motion to appoint counsel where plaintiff "failed to demonstrate the existence of any special circumstances such as those in *McCarthy v. Weinberg*, where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication"). In fact, Plaintiff's past activity in this case shows her ability to explain to the Court what she seeks and why. Furthermore, the factual and legal issues are not so complex that it would be fundamentally unfair for Plaintiff to proceed without counsel. Plaintiff has not met her burden of convincing the Court that her claims warrant an appointment of counsel. Therefore, the Court denies her motions for appointment of counsel.

IT IS ORDERED that

1. the motions to reconsider or renew her appeal (Docs. 70 and 71) are denied without prejudice to Plaintiff filing those motions in her appellate case;

5

2. to the extent the motions for an order of protection (Docs. 70, 71, and 74) relate to Plaintiff's motions to reconsider or renew her appeal, those motions are denied without prejudice to Plaintiff filing those motions in her appellate case, otherwise those motions are denied; and

3. the motion to refer obstruction of justice incidents to the FBI and Department of Justice (Doc. 73); the motion to stay the case to obtain counsel (Doc. 72); and the motions for appointment of counsel (Docs. 70-75) are denied.

_____
UNITED STATES DISTRICT JUDGE